E-filing



1  THOMAS H. CLARKE, JR. (SBN 47592)
   TIMOTHY A. DOLAN (SBN 209674)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   201 Spear Street, Suite 1000
3  San Francisco, CA  94105
   Telephone:    (415) 543-4800
4  Facsimile:    (415) 972-6301
   Email:        tclarke@rmkb.com
5  tdolan@rmkb.com

6  Attorneys for Plaintiffs
   SAMUEL DIGIACOMO
7

**ORIGINAL**

**FILED**

APR - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11

12  SAMUEL DIGIACOMO,                    CASE NO. **C08-01768**

13              Plaintiff,               **COMPLAINT**

14      v.                               • **29 U.S.C. § 794**

15  EX'PRESSION CENTER FOR  NEW          • **Calif. Gov. Code §§ 11135 & 11139**
    MEDIA, INC., d/b/a EX'PRESSION
16  COLLEGE FOR DITIGAL ARTS, and        • **California Unruh Civil Rights Act**
    Does 1 through 100,
17                                       • **Calif. B.&P.C. § 17200**
                Defendants.
18                                       • **California Common Law Right To Fair**
                                           **Procedure**
19
                                         • **Declaratory Relief**
20
                                         **DEMAND FOR A JURY TRIAL**

(left margin, vertical text) Ropers Majeski Kohn & Bentley  A Professional Corporation  San Francisco

(left margin, vertical text) GO 44 SEC. N  NOTICE OF ASSIGNMENT  TO MAGISTRATE JUDGE SENT

            **JURISDICTION AND VENUE**

    1.    This court has subject matter jurisdiction under 28 U.S.C. section 1331, in that this

case arises under the laws of the United States and 28 U.S.C. sections 2201 and 2202.

    2.    The court has supplemental jurisdiction under 28 U.S.C. section 1367(a) in that the

state law claims of plaintiff SAMUEL DIGIACOMO ("DIGIACOMO") are so related to the

claims over which the Court exercises original jurisdiction that they form part of the same case or

RC1/5095857.3/CB12                    - 1 -

1    controversy under Article III of the United States Constitution.

2        3.    Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(b, c)

3    because the events giving rise to the claims of DIGIACOMO occurred within the District, and

4    because defendant EX'PRESSION CENTER FOR NEW MEDIA, INC., d/b/a EX'PRESSION

5    COLLEGE FOR DIGITAL ARTS (hereinafter referred to as "the School") conducted activities

6    giving rise to the claims of DIGIACOMO within the District.

7                            **INTRADISTRICT ASSIGNMENT**

8        4.    Intradistrict assignment of this matter to the Oakland Division of this Court is

9    appropriate pursuant to Civil Local Rule 3-2(c, d). The events, action, and omissions which give

10    rise to the claims of plaintiff DIGIACOMO occurred in Alameda County.

11                                    **THE PARTIES**

12        5.    Plaintiff SAMUEL DIGIACOMO is an individual, aged 24 years. Eight years ago

13    DIGIACOMO was diagnosed with Asperger's Syndrome, a form of autism characterized by,

14    among other traits, difficulty with social interactions. DIGIACOMO has suffered from this

15    disability his entire life. At all times relevant, he was and is a resident of Alameda County.

16        6.    EX'PRESSIONS COLLEGE FOR DIGITAL ARTS is a California-based business

17    located at 6601 Shellmound Street, Emeryville, California, and at all times relevant is and was the

18    dba for EX'PRESSION CENTER FOR NEW MEDIA, INC., a Delaware corporation. The

19    School receives funding from the State of California and the Federal Government, and provides

20    Federal student aid to its students. The business and activities of the School are to provide

21    education to students, such as DIGIACOMO.

22        7.    On information and belief DIGIACOMO alleges that Defendants DOES 1 through

23    100 did act or failed to act in a manner that aided, abetted, and encouraged and has contributed to

24    the acts and omissions noted herein that have adversely affected the interests and rights of

25    DIGIACOMO. Further, some of DOES 1 through 100 were managers, officers, and supervisors

26    of other Defendants herein, and were in a position to influence or were in control of operations

27    that adversely affected the rights and interests of DIGIACOMO. Further, all of the Defendants

28    DOES 1 through 100, in whatever form they exist or existed, whether corporate, LLC, LLP, or

RCI/5095857.3/CB12                                - 2 -

**COMPLAINT**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1   individual, planned and participated in and furthered a common scheme that contributed to the

2   acts and omissions noted herein that have adversely affected the interests and rights of

3   DIGIACOMO.

4   8.      On information and belief DIGIACOMO alleges that, at all times mentioned in

5   this complaint, each Defendant was the agent of the other(s), was acting within the scope and

6   course of their agency, and all acts and omissions alleged to have been committed by any one of

7   them was committed on behalf of every other Defendant.

8   9.      The true names of DOES 1 through 100 are unknown to DIGIACOMO at this

9   time. When their identities are ascertained, the complaint shall be amended to reflect their true

10  names.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12  10.     On September 18, 2006, seeking to better himself and contribute to society,

13  DIGIACOMO applied to and was accepted by the School in order to learn computer graphic

14  skills. He was accompanied by Jacqueline DiGiacomo (his mother), who explained to the

15  School's staff that DIGIACOMO suffers from Asperger's Syndrome and that accommodation for

16  his condition may be required. As such, from the beginning, the School was on notice of his

17  condition, and of the need to make allowance for his disability. Copies of documents describing

18  his diagnosis were offered to the staff to illustrate the nature of his condition. DIGIACOMO was

19  accepted, and qualified for limited federal student aid. In order to pay for his tuition and

20  expenses, it was also necessary for him to take out loans from Citibank and Sallie Mae. As such,

21  he incurred substantial financial obligations in reliance on the School's acceptance of him as a

22  student.

23  11.     In October, 2006, DIGIACOMO moved into an off-campus apartment with two

24  roommates, Jaykob "Jay" Carreon, whose mother, Margarita Carreon, was the lease-holder, and a

25  man named Zach, who was also a student at the School. Orientation and classes also began at

26  that time.

27  12.     Thereafter, DIGIACOMO successfully completed three semesters at the school.

28  13.     In January, 2007, a student named Terrence Brewer ("Brewer") was allowed to

RC1/5095857.3/CB12                                    - 3 -

**COMPLAINT**

1    stay in the apartment on a temporary basis, since he was allegedly low on funds. DIGIACOMO

2    is informed and believes and thereon alleges that, unfortunately, Brewer was a drug addict at that

3    time.

4    14.    In February, 2007, Brewer was evicted from the apartment for non-payment of

5    rent.

6    15.    On March 4, 2007, Brewer burst into the apartment uninvited, had an argument

7    with DIGIACOMO, and then kicked in the door of the apartment. The Emeryville Police

8    Department was called and responded. DIGIACOMO and Carreon requested that charges be

9    filed against Brewer. Brewer was cited by Emeryville Police Department for vandalism and

10    destruction of property, and was then released. Brewer at the time falsely claimed to the police

11    that DIGIACOMO had held a knife to his throat and threatened to stab him, and demanded that

12    the police charge DIGIACOMO with assault. Because eyewitnesses did not corroborate Brewer's

13    story and he bore no physical signs of assault, the Emeryville Police found Brewer's claims

14    groundless, and dismissed his allegations.

15    16.    On March 29, 2007, Brewer sought a restraining order against DIGIACOMO,

16    which was issued but never served on DIGIACOMO. In his declaration in support of the order,

17    Brewer made the same false claims about the actions of DIGIACOMO that were made to and

18    rejected by the Emeryville Police Department on March 4, 2007.

19    17.    By letter sent on or about April 4, 2007, the School informed DIGIACOMO that

20    he was expelled based on the allegations of Brewer's restraining order. The School did not

21    provide DIGIACOMO with a hearing or an opportunity to contest the false and misleading

22    accusations that Brewer made. Moreover, the School did not bother to ascertain the veracity of

23    the claims made in the restraining order, did not bother to ascertain if the order had been served or

24    contested, did not bother to assess Brewer's credibility as a witness, and did not bother to check

25    with the Emeryville Police Department to ascertain if the facts that Brewer alleged had any truth

26    to them whatsoever.

27    18.    The acts and omissions of the School set forth herein were done in reckless and

28    intentional disregard of DIGIACOMO's rights and interests.

RC1/5095857.3/CB12                              - 4 -

COMPLAINT

## FIRST CAUSE OF ACTION

### Violation Of Rehabilitation Act of 1973 By The School And DOES 1-100

### (29 U.S.C. § 701 et seq.)

19. DIGIACOMO incorporates the allegations set forth in Paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. This cause of action arises under 29 U.S.C. § 794.

21. As noted herein, DIGIACOMO is an individual with a disability that a) substantially limits his major life activities, b) has a record of such impairment, and c) is regarded as having such an impairment. He is qualified to attend the School as shown by his acceptance and successful completion of three semesters.

22. Federal financial assistance is extended to the School, a corporation principally engaged in providing education.

23. By acting and failing to act as set forth herein, the School and DOES 1-100 discriminated against DIGIACOMO on the basis of his disability, violated their duty to engage in an interactive process with him concerning his disability, and violated their duty to provide him with reasonable accommodation concerning his disability.

24. As a result, DIGIACOMO was summarily excluded from participating in the education provided by the School, an activity receiving federal financial assistance.

25. As a direct and proximate result of the acts and omissions of the Defendants, DIGIACOMO has suffered injury, loss, and damage in that he has been deprived of completing his educational course of study and learning, he expended moneys for tuition and educational and living expenses, and he incurred loans to finance his education at the School which must now be repaid even though the School has deprived him of the benefits of an education.

26. In acting as alleged herein, Defendants acted knowingly, willfully, and maliciously, with reckless and callous disregard for DIGIACOMO's federally protected rights.

27. As a result of the actions and omissions of Defendants, DIGIACOMO has suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, loss, and damages in that his expulsion greatly impairs his ability to be accepted at another school or to

RC1/5095857.3/CB12          - 5 -

**COMPLAINT**

1    pursue further education.

2    28.    DIGIACOMO has no adequate or speedy remedy at law for the conduct of

3    Defendants described herein because his expulsion greatly impairs his ability to be accepted at

4    another school or to pursue further education. Further, DIGIACOMO is burdened with loans that

5    were taken out to pay for his education, and which now he must repay even though he has no

6    income or means for making said payments.

7    29.    Wherefore, DIGIACOMO prays judgment against Defendants for a permanent

8    injunction, compensatory damages, punitive damages, reasonable attorney's fees, costs of the suit

9    herein, and such other relief as the Court deems proper, all as stated hereinafter.

10    ## SECOND CAUSE OF ACTION

11    **Discrimination In State-Funded Programs By The School And DOES 1-100**

12    **(California Government Code §§ 11135 & 11139)**

13    30.    DIGIACOMO incorporates the allegations set forth in Paragraphs 1 through 18,

14    23, and 25, inclusive, as though fully set forth herein.

15    31.    Financial assistance by the State of California is extended to the School, a

16    corporation principally engaged in providing education.

17    32.    DIGIACOMO is disabled in that he suffers from autism, a mental disability within

18    the meaning of § 12926 of the California Government Code.

19    33.    As a result, DIGIACOMO was summarily excluded from participating in the

20    education provided by the School, an activity receiving state financial assistance.

21    34.    As a result of the actions and omissions of Defendants, DIGIACOMO has suffered

22    and will continue to suffer extreme hardship and actual and impending irreparable injury, loss,

23    and damages in that his expulsion greatly impairs his ability to be accepted at another school or to

24    pursue further education.

25    35.    DIGIACOMO has no adequate or speedy remedy at law for the conduct of

26    Defendants described herein because his expulsion greatly impairs his ability to be accepted at

27    another school or to pursue further education. Further, DIGIACOMO is burdened with loans that

28    were taken out to pay for his education, and which now he must repay even though he has no

RCI/5095857.3/CB12      - 6 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

income or means for making said payments.

36. Wherefore, DIGIACOMO prays judgment against Defendants for a permanent injunction, costs of the suit herein, and such other relief as the Court deems proper, all as noted hereinafter.

**THIRD CAUSE OF ACTION**

**Violation Of The Unruh Civil Rights Act By The School And DOES 1-100**

**(California Civil Code § 51)**

37. DIGIACOMO incorporates the allegations set forth in Paragraphs 1 through 18, 21, 23, and 32, inclusive, as though fully set forth herein.

38. The School is a business establishment within the meaning of § 51(b) of the California Civil Code.

39. As noted herein, DIGIACOMO sought an education from the School in order to garner those benefits that derive therefrom.

40. Defendants denied DIGIACOMO the services, advantages, education, facilities, and privileges provided to others for the reasons noted herein.

41. As a result, DIGIACOMO was summarily excluded from participating in the education provided by the School.

42. As a direct and proximate result of the acts and omissions of the Defendants, DIGIACOMO has suffered injury, loss, and damage in that he has been deprived of completing his educational course of study and learning, he expended moneys for tuition and educational and living expenses, and he incurred loans to finance his education at the School which must now be repaid even though the School has deprived him of the benefits of an education.

43. In acting as alleged herein, Defendants acted knowingly, willfully, and maliciously, with reckless and callous disregard for DIGIACOMO's rights.

44. As a result of the actions and omissions of Defendants, DIGIACOMO has suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, loss, and damages in that his expulsion greatly impairs his ability to be accepted at another school or to pursue further education.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

45.    DIGIACOMO has no adequate or speedy remedy at law for the conduct of Defendants described herein because his expulsion greatly impairs his ability to be accepted at another school or to pursue further education. Further, DIGIACOMO is burdened with loans that were taken out to pay for his education, and which now he must repay even though he has no income or means for making said payments.

46.    Wherefore, DIGIACOMO prays judgment against Defendants for a permanent injunction, compensatory damages, statutory penalties pursuant to § 52 Civil Code in an amount equal to three times compensatory damages (but not less than $4,000), punitive damages, reasonable attorney's fees, costs of the suit herein, and such other relief as the Court deems proper, all as noted hereinafter.

## FOURTH CAUSE OF ACTION

### Violation Of The Unfair Business Practices Act By The School And DOES 1-100
### (California B.&P.C. § 17200)

47.    DIGIACOMO incorporates the allegations set forth in Paragraphs 1 through 18 and 42, inclusive, as though fully set forth herein.

48.    Defendants have knowingly and intentionally violated 29 U.S.C. § 794, California Government Code §§ 11135 and 11139, and the California Unruh Civil Rights Act, as noted in the First, Second, and Third Causes of Action, hereinabove.

49.    By committing the acts as noted herein, Defendants have engaged in unlawful business practices that constitute unfair competition within the meaning of Section 17200 of the California Business & Professions Code.

50.    As a result of the actions and omissions of Defendants, DIGIACOMO has suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, loss, and damages in that his expulsion greatly impairs his ability to be accepted at another school or to pursue further education.

51.    DIGIACOMO has no adequate or speedy remedy at law for the conduct of Defendants described herein because his expulsion greatly impairs his ability to be accepted at another school or to pursue further education. Further, DIGIACOMO is burdened with loans that

**COMPLAINT**

1  were taken out to pay for his education, and which now he must repay even though he has no
2  income or means for making said payments.

3      52.    Wherefore, DIGIACOMO prays judgment against Defendants for a permanent
4  injunction, restitution of all moneys paid to the School, costs of the suit herein, and such other
5  relief as the Court deems proper, all as stated hereinafter.

## FIFTH CAUSE OF ACTION

### Violation Of The California Common Law Right To Fair Procedure By
### The School And DOES 1-100

9      53.    DIGIACOMO incorporates the allegations set forth in Paragraphs 1 through 18,
10  inclusive, as though fully set forth herein.

11      54.    The acts and omissions of Defendants may cause individuals, such as
12  DIGIACOMO, to be expelled or to be excluded pursuant to a decision-making process that is not
13  substantially rational or procedurally fair.

14      55.    The School, by accepting State and Federal funds, affects the public interest by
15  providing educational services, and as such is quasi-public in nature.

16      56.    The exclusion of an individual by capricious and arbitrary action, especially by an
17  expulsion of the type noted herein and when done in violation of 29 U.S.C. § 794, California
18  Government Code §§ 11135 and 11139, and the California Unruh Civil Rights Act, as noted in
19  the First, Second, and Third Causes of Action, hereinabove, imposes substantial economic
20  ramifications thereby upon such individuals, such as DIGIACOMO.  As noted, DIGIACOMO has
21  not only been burdened with loans and the loss of moneys paid for an education he will not
22  receive, he has suffered the scarlet letter of being expelled, which has vastly reduced if not
23  eliminated his ability to successfully seek other educational services in his chosen field of
24  endeavor.

25      57.    The acts and omissions of Defendants as set forth herein constitute a violation of
26  DIGIACOMO's rights under the California common law right to fair procedure.

27      58.    As a direct and proximate result of the acts and omissions of Defendants,
28  DIGIACOMO has suffered injury, loss, and damage in that he has been deprived of completing

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RCI/5095857.3/CB12                                - 9 -

1    his educational course of study and learning, he expended moneys for tuition and educational and

2    living expenses, and he incurred loans to finance his education at the School which must now be

3    repaid even though the School has deprived him of the benefits of an education.

4        59.    In acting as alleged herein, Defendants acted knowingly, willfully, and

5    maliciously, with reckless and callous disregard for DIGIACOMO's rights.

6        60.    As a result of the actions and omissions of Defendants, DIGIACOMO has suffered

7    and will continue to suffer extreme hardship and actual and impending irreparable injury, loss,

8    and damages in that his expulsion greatly impairs his ability to be accepted at another school or to

9    pursue further education.

10       61.    DIGIACOMO has no adequate or speedy remedy at law for the conduct of

11   Defendants described herein because his expulsion greatly impairs his ability to be accepted at

12   another school or to pursue further education. Further, DIGIACOMO is burdened with loans that

13   were taken out to pay for his education, and which now he must repay even though he has no

14   income or means for making said payments.

15       62.    Wherefore, DIGIACOMO prays judgment against Defendants for a permanent

16   injunction, compensatory damages, punitive damages, costs of the suit herein, and such other

17   relief as the Court deems proper, all as stated hereinafter.

18                           **SIXTH CAUSE OF ACTION**

19              **Declaratory Relief Against The School And DOES 1-100**

20          **(28 U.S.C. § 2201 and California Code of Civil Procedure § 1060)**

21       63.    DIGIACOMO incorporates the allegations set forth in Paragraphs 1 through 18, 20

22   through 29, 31 through 36, 38 through 46, 48 through 52, and 54 through 62, inclusive, as though

23   fully set forth herein.

24       64.    An actual controversy has arisen and now exists between DIGIACOMO, on the

25   one hand, and Defendants, on the other hand, concerning their respective rights and duties, in that

26   DIGIACOMO contends that Defendants are unlawfully discriminating against him on the basis of

27   this disability, engaging in unfair business practices, and violating the common law right to fair

28   procedure, and should reimburse DIGIACOMO for his past outlays, compensate DIGIACOMO

RC1/5095857.3/CB12                       - 10 -

**COMPLAINT**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    for his damages and losses, and cancel or pay off all accounts receivable and loans outstanding to

2    the School and to any third party as a result of the acts and omissions of Defendants. In contrast

3    Defendants dispute these contentions and contends that they acted properly, and owe no duty to

4    compensate DIGIACOMO for his damages and losses, or to pay or reimburse any costs or loans,

5    or to cancel any accounts receivable as a result of their acts and omissions.

6        65.    DIGIACOMO desires a judicial determination of his rights and duties, and a

7    declaration as to the liability of Defendants under law to reimburse DIGIACOMO for his past

8    outlays, compensate DIGIACOMO for his damages and losses, and cancel or pay off all accounts

9    receivable and loans outstanding to the School and to any third party as a result of the acts and

10   omissions of Defendants.

11       66.    A judicial determination is appropriate and necessary at this time under the

12   circumstances in order that DIGIACOMO may ascertain his rights and duties, be relieved of the

13   financial and other burdens as set forth herein, and receive compensation for the detriment and

14   damages noted.

15       67.    Further, DIGIACOMO seeks injunctive relief pursuant to 28 U.S.C. § 2202 and

16   §§ 525 et seq. C.C.P. DIGIACOMO seeks injunctive relief requiring Defendants to

17   reimbursement for all payments made to the School, cancel all accounts receivable, cancel all

18   loans outstanding to the School and third parties, expunge the records of the School to remove all

19   references to the suspension or expulsion, and issue a written apology to DIGIACOMO for its

20   improper and inappropriate acts and omissions, as noted herein.

21       68.    In addition, DIGIACOMO is entitled to his attorney's fees and costs of suit herein

22   as provided at law.

23                                 **PRAYER FOR RELIEF**

24   Wherefore, DIGIACOMO prays for relief against Defendants as follows:

25       1.    With respect to the First through Sixth causes of action, for an injunction requiring

26   Defendants to:

27            •    Cancel all outstanding invoices, and refund all moneys paid by or on behalf

28                 of DIGIACOMO to the School.

RC1/5095857.3/CB12                        - 11 -

**COMPLAINT**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1         •    Repay or cause to be cancelled all applicable loans which DIGIACOMO

2            incurred, and refund to DIGIACOMO all payments made by him or on his

3            behalf on these loans.

4         •    Remove from records of the School any and all references to a suspension

5            or expulsion.

6         •    Provide a letter to DIGIACOMO apologizing for the improper and

7            precipitous action.

8     2.    With respect to the First, Third, Fifth, and Sixth causes of action, for general and

9 compensatory damages in an amount to be proven at trial.

10     3.    With respect to the Third and Sixth causes of action, for statutory penalties

11 pursuant to § 52 of the California Civil Code in an amount equal to three times the general and

12 compensatory damages (but not less than $4,000).

13     4.    With respect to the Fourth and Sixth causes of action, for restitution of all funds

14 paid to the School.

15     5.    With respect to the First, Third, Fifth, and Sixth causes of action, for exemplary

16 and punitive damages.

17     6.    With respect to the First, Third, and Sixth causes of action, for attorney's fees

18 pursuant to 42 U.S.C. § 1988 and Section 52 of the California Civil Code.

19     7.    For costs of suit incurred herein.

20     8.    For prejudgment interest on all damages as authorized by law.

21     9.    For such other and further relief as this Court deems just and proper.

22

23 Dated: April 2 , 2008              ROPERS, MAJESKI, KOHN & BENTLEY

24

25                        By:
                          THOMAS H. CLARKE, JR.

26                           TIMOTHY A. DOLAN
                          Attorneys for Plaintiff

27                           SAMUEL DIGIACOMO

28

RC1/5095857.3/CB12                - 12 -

1

2

## **DEMAND FOR JURY TRIAL**

3

Pursuant to FRCP 38(b), DIGIACOMO demands a jury trial in this matter.

4

5    Dated: April __2__, 2008                          ROPERS, MAJESKI, KOHN & BENTLEY

6

7                                                      By:

8                                                          THOMAS H. CLARKE, JR.
                                                           TIMOTHY A. DOLAN
9                                                          Attorneys for Plaintiff
                                                           SAMUEL DIGIACOMO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RC1/5095857.3/CB12                          - 13 -

**COMPLAINT**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

JS 44 (Rev. 12/07) (cand rev 1-16-08)

3:08-CV-1768 JDL

**CIVIL COVER SHEET**

ADR EDL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
SAMUEL DIGIACOMO

**DEFENDANTS**
EX'PRESSION CENTER FOR NEW MEDIA, INC., d/b/a
EX'PRESSION COLLEGE FOR DITIGAL ARTS

**(b)** County of Residence of First Listed Plaintiff Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
THOMAS H. CLARKE, JR.
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000, San Francisco, CA 94102
Tel: (415) 543-4800; Fax: (415) 972-6301

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State. | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R.& Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 861 HIA(1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [X] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | [X] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 794
Brief description of cause:
Plaintiff/student's expulsion from school violated his civil rights

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND [ ] SAN JOSE

DATE
April 2, 2008

SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com