Eric J. Sinrod  (SBN 122868)
Michael J. Dickman (SBN 227096)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:    ejsinrod@duanemorris.com
            mjdickman@duanemorris.com

Keith Zakarin (SBN 126528)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:        kzakarin@duanemorris.com

Attorneys for Defendant
Ex'pression Center For New Media

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DIGIACOMO, <br><br> Plaintiff, <br><br> v. <br><br> EX'PRESSION CENTER FOR NEW MEDIA, INC., d/b/a EX'PRESSION COLLEGE FOR DIGITAL ARTS, et al., <br><br> Defendants. | Case No.: C08-01768-MHP <br><br> **NOTICE OF EX'PRESSION CENTER FOR NEW MEDIA'S MOTION TO COMPEL ARBITRATION AND TO DISMISS, OR ALTERNATIVELY STAY, CASE** <br><br> [Federal Arbitration Act (9 U.S.C. §§ 1, *et seq.*); California Arbitration Act (Cal Code Civ. Proc. §§ 1281, *et seq.*); F.R.C.P. 12(b)(1), (6)] <br><br> Date:        September 8, 2008 <br> Time:        2:00 P.M. <br> Judge:       Hon. Marilyn H. Patel <br> Courtroom:  15, 18th Floor <br> Location:    450 Golden Gate Ave. <br>                San Francisco, CA 94102 <br><br> Complaint Filed:      April 2, 2008 |

**TO PLAINTIFF DIGIACOMO AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 8, 2008 at 2:00 P.M. in Courtroom 15 of the United States District Court for the Northern District of California, located on the 18th Floor of 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Ex'pression Center for New Media ("Ex'pression") will move and hereby does move the Court, the Honorable Marilyn H. Patel presiding, for an order compelling Plaintiff Samuel DiGiacomo ("Plaintiff") to arbitration and to dismiss, or alternatively to stay, the case. This motion is brought pursuant to the Federal Arbitration Act (9 U.S.C. section 1, *et seq.*), the California Arbitration Act (California Code of Civil Procedure section 1281, *et seq.*), and Rule 12(b) of the Federal Rules of Civil Procedure.

Plaintiff, a former student of Ex'pression, entered into a valid, enforceable and binding arbitration agreement with Ex'pression which requires that "[a]ny dispute arising from enrollment at Ex'pression College for Digital Arts, no matter how described, pleaded or styled, shall be resolved by binding arbitration under the Federal Arbitration Act[.]" Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-4 and the California Arbitration Act ("CAA"), Code of Civil Procedure § 1280, *et seq.*, the Court must compel Plaintiff to arbitrate all claims as alleged in Plaintiffs' Complaint. Dismissal is warranted pursuant to the Court's discretion under Rule 12(b)(6) for failure to state a claim upon which relief may be granted because the entire dispute between the parties is subject to an express arbitration agreement between the parties. For the same reason, dismissal is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction. Alternatively, the Court must stay the case until arbitration has been completed as specifically provided by 9 U.S.C. section 3 and California Code of Civil Procedure section 1281.4.

Good cause exists to compel arbitration pursuant to the FAA (9 U.S.C. §§ 1 *et seq.*) and the CAA (Code of Civ. Pro. § 1281.2) on the grounds that: a written contract calls for arbitration of the disputes that have arisen, including all claims and issues made subject of this lawsuit by Plaintiff's Complaint filed herein; that Ex'pression has requested such arbitration; Plaintiff has refused to dismiss or stay the action pending arbitration of these matters; and that Ex'pression has no other adequate remedy to compel arbitration and dismiss or stay these proceedings.

This motion is based upon this notice of motion, the supporting memorandum of points and

1  authorities, and the supporting declarations of Eric J. Sinrod and Melissa Thompson, all filed

2  concurrently herewith, the pleadings and other documents on file in this action, any other matters of

3  which the Court may be requested to take judicial notice, and such other argument and evidence as

4  the Court may consider at the hearing of the motion.

5  Respectfully submitted,

6  Dated: July 24, 2008                **DUANE MORRIS LLP**

7

8  By:  /s/ Michael J. Dickman
        Eric J. Sinrod
9        Michael J. Dickman
        Attorneys for Defendant
10       Ex'pression Center For New Media

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Eric J. Sinrod  (SBN 122868)
  | Michael J. Dickman (SBN 227096)
2 | **DUANE MORRIS LLP**
  | One Market, Spear Tower, Suite 2000
3 | San Francisco, CA 94105-1104
  | Telephone: 415.957.3000
4 | Facsimile: 415.957.3001
  | E-Mail:    ejsinrod@duanemorris.com
5 |            mjdickman@duanemorris.com

6 | Keith Zakarin (SBN 126528)
  | **DUANE MORRIS LLP**
7 | 101 West Broadway, Suite 900
  | San Diego, CA 92101
8 | Telephone: 619.744.2200
  | Facsimile: 619.744.2201
9 | E-Mail:       kzakarin@duanemorris.com

10 | Attorneys for Defendant
   | Ex'pression Center For New Media

11 |

12 | ## IN THE UNITED STATES DISTRICT COURT

13 | ## FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 |

15 | Case No.: C08-01768-MHP

16 | SAMUEL DIGIACOMO,

17 |                 Plaintiff,

18 |        v.

19 | EX'PRESSION CENTER FOR NEW MEDIA,
   | INC., d/b/a EX'PRESSION COLLEGE FOR
20 | DIGITAL ARTS, et al.,

21 |                 Defendants.

**[PROPOSED] ORDER GRANTING EX'PRESSION CENTER FOR NEW MEDIA'S MOTION TO COMPEL ARBITRATION AND TO DISMISS, OR ALTERNATIVELY STAY, CASE**

[Federal Arbitration Act (9 U.S.C. §§ 1, *et seq.*); California Arbitration Act (Cal Code Civ. Proc. §§ 1281, *et seq.*); F.R.C.P. 12(b)(1), (6)]

Date:       September 8, 2008
Time:       2:00 P.M.
Judge:      Hon. Marilyn H. Patel
Courtroom:  15, 18th Floor
Location:   450 Golden Gate Ave.
            San Francisco, CA 94102

Complaint Filed:    April 2, 2008

22 |
23 |
24 |
25 |
26 |
27 |
28 |

On September 8, 2008, Defendant Ex'pression Center for New Media d/b/a Ex'pression Center for New Media's ("Ex'pression") duly noticed Motion to Compel Arbitration and to Dismiss, or Alternatively Stay, Case, came before this Court for a hearing.  Defendant Ex'pression was represented by Eric J. Sinrod of Duane Morris LLP as counsel of record for Ex'pression, and Plaintiff Samuel DiGiacomo ("Plaintiff") was represented by Thomas H. Clarke, Jr. of Ropers Majeski Kohn & Bentley as counsel of record for Plaintiff.  Having considered the record before this Court, including the pleadings, the parties' moving, opposition and reply papers, the evidence submitted, and the oral arguments of counsel, and for good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.    Ex'pression's Motion to Compel Arbitration and to Dismiss, or Alternatively Stay, Case is **GRANTED**.  Plaintiff, a former student of Ex'pression, entered into a valid, enforceable and binding arbitration agreement with Ex'pression which requires that "[a]ny dispute arising from enrollment at Ex'pression College for Digital Arts, no matter how described, pleaded or styled, shall be resolved by binding arbitration under the Federal Arbitration Act[.]"  Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and the California Arbitration Act, California Code of Civil Procedure §§ 1280, *et seq.*, the Court hereby compels Plaintiff to arbitrate all his claims as alleged in Plaintiffs' Complaint.

2.    All of Plaintiff's claims shall be resolved by arbitration, and therefore, Plaintiff's Complaint is hereby **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.  *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004).

DATED: _____    By: _____
                                Honorable Marilyn H. Patel
                                United States District Court Judge

1   Eric J. Sinrod  (SBN 122868)
    Michael J. Dickman (SBN 227096)
2   **DUANE MORRIS LLP**
    One Market, Spear Tower, Suite 2000
3   San Francisco, CA 94105-1104
    Telephone: 415.957.3000
4   Facsimile: 415.957.3001
    E-Mail:    ejsinrod@duanemorris.com
5              mjdickman@duanemorris.com

6   Keith Zakarin (SBN 126528)
    **DUANE MORRIS LLP**
7   101 West Broadway, Suite 900
    San Diego, CA 92101
8   Telephone: 619.744.2200
    Facsimile: 619.744.2201
9   E-Mail:    kzakarin@duanemorris.com

10  Attorneys for Defendant
    Ex'pression Center For New Media

11

12              **IN THE UNITED STATES DISTRICT COURT**

13          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14

15                                          Case No.: C08-01768-MHP

16  SAMUEL DIGIACOMO,                       **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES IN SUPPORT OF**
17                  Plaintiff,              **EX'PRESSION CENTER FOR NEW**
                                            **MEDIA'S MOTION TO COMPEL**
18          v.                              **ARBITRATION AND TO DISMISS, OR**
                                            **ALTERNATIVELY STAY, CASE**
19  EX'PRESSION CENTER FOR NEW MEDIA,
    INC., d/b/a EX'PRESSION COLLEGE FOR     [Federal Arbitration Act (9 U.S.C. §§ 1, *et*
20  DIGITAL ARTS, et al.,                   *seq.*); California Arbitration Act (Cal Code
                                            Civ. Proc. §§ 1281, *et seq.*); F.R.C.P.
21                  Defendants.             12(b)(1), (6)]

22                                          Date:       September 8, 2008
                                            Time:       2:00 P.M.
23                                          Judge:      Hon. Marilyn H. Patel
                                            Dept.:      15, 18th Floor
24                                          Location:   450 Golden Gate Ave.
                                                        San Francisco, CA 94102
25
                                            Complaint Filed:    April 2, 2008
26

27

28

Defendant Ex'pression Center for New Media d/b/a Ex'pression College for Digital Arts ("Ex'pression") hereby submits the following Memorandum of Points and Authorities in Support of its Motion to Compel Arbitration and to Dismiss, or Alternatively Stay, the Case.

## I.    INTRODUCTION

Plaintiff Samuel DiGiacomo ("Plaintiff") is a former student of Ex'pression, a nationally accredited private college that specializes in digital sound and visual art education.  Plaintiff signed an Enrollment Agreement ("Enrollment Agreement") which contains a binding arbitration agreement.  This contractual provision, initialed by Plaintiff and written in plain and ordinary language, mandates that "any dispute arising from enrollment at Ex'pression College for Digital Arts, no matter how described, pleaded or styled, shall be resolved by binding arbitration[.]"  This provision is equally applicable to Ex'pression and Plaintiff under the Enrollment Agreement.

Despite his agreement to arbitrate, Plaintiff filed this lawsuit alleging a variety of federal and state law claims allegedly arising out of his expulsion from Ex'pression.  Ex'pression encouraged Plaintiff to dismiss this action and submit this dispute to arbitration.  Plaintiff, through his counsel, refused Defendant's request, thereby forcing Ex'pression to bring this motion to compel arbitration and to dismiss, or stay, the case.

A written agreement to submit to arbitration "controversies arising out of an existing contract 'shall be valid, enforceable, and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"  *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1987) (citation omitted).  Here, a written valid arbitration agreement exists between the parties, and arbitration must be ordered.

## II.    STATEMENT OF FACTS

### A.    The Arbitration Agreement

Plaintiff completed and signed the Enrollment Agreement on September 18, 2006.  *See* Declaration of Melissa Thompson in Support of Ex'pression's Motion to Compel Arbitration and to Dismiss, or Alternatively Stay, Case ("Thompson Decl."), ¶ 3 and Exhibit A attached thereto. Plaintiff's Enrollment Agreement contained a binding arbitration agreement, which provides:

*///*

## 6. ARBITRATION AGREEMENT

**6.1** Any dispute arising from enrollment at Ex'pression College for Digital Arts, no matter how described, pleaded or styled, shall be resolved by binding arbitration under the Federal Arbitration Act conducted by the American Arbitration Association ("AAA") at Emeryville, California, under its Commercial Rules. All determinations as to the scope, enforceability of this Arbitration Agreement shall be determined by the Arbitrator, and not by a court. The award rendered by the arbitrator may be entered in any court having jurisdiction.

**Student Initials:** ____ I have read and understand the Arbitration Agreement.

*See* Thompson Decl., at Exhibit A, p. 2 (bold in original). Plaintiff initialed this term as indicated by the handwritten "SD" contained in his executed Enrollment Agreement. *See* Thompson Decl., at Exhibit A, p. 2. Additionally, directly above the place for a student's signature, the Enrollment Agreement further states:

**My signature below certifies that I have read, understood, and agreed to my rights and responsibilities, and that the institution's cancellation and refund policies <u>and arbitration clause</u> have been clearly explained to me. I have received a copy of this agreement.**

*See* Thompson Decl., at Exhibit A, p. 2 (bold in original; underlining added). Plaintiff's signature is found directly below this certification, and is dated. *See* Thompson Decl., at Exhibit A, p. 2.

Additionally, Plaintiff retained the "pink" copy of the Agreement and was permitted to withdraw from the Enrollment Agreement for any reason and for a full refund within 5 business days of execution. *See* Thompson Decl., at Exhibit A, p. 1.

Despite entering into the Enrollment Agreement after having "read, understood and agreed" to be bound by the arbitration agreement, Plaintiff violated that agreement by filing his Complaint in this Court on April 2, 2008.

**B.    Disruptive, Dangerous and Violent Behavior, Including a Knife-Point Assault on a Student and Grotesteque Animal Torture Lead to Plaintiff's Dismissal from Ex'pression.**

During his enrollment, Plaintiff exhibited increasingly offensive, dangerous and violent behavior. He screamed profanities at his instructors and behaved disruptively. Ex'pression then was presented with complaints from fellow students of verbal abuse. Plaintiff's conduct became increasingly erratic, culminating in a report of a violent assault on a fellow student in which Plaintiff

1   held a knife to that student's neck and demanded money.  Ex'pression then learned that Plaintiff had

2   personally tortured an adopted cat, in a multitude of shockingly gruesome and cruel ways, and over

3   period of weeks.  Plaintiff eventually murdered the cat, after force-feeding it alcohol until it was

4   comotose, and then painting it green.  After he killed it, and in the presence of others, he played with

5   the corpse, twirling it around like a microphone and then displaying its wrecked and rigid body

6   propped up in a sneaker.

7       Faced with student and instructor complaints, and learning of such disruptive, dangerous,

8   violent and atrocious behaviors, Ex'pression concluded that Plaintiff was a danger to others and

9   expelled him.

10      **C.**    **Ex'pression's Demand and Plaintiff's Refusal To Arbitrate**

11      Ex'pression's counsel requested that Plaintiff dismiss this case and arbitrate.  *See* Declaration

12  of Eric Sinrod in Support of Ex'pression's Motion to Compel Arbitration and to Dismiss, or

13  Alternatively Stay, Case ("Sinrod Decl."), at ¶ 2.  Plaintiff, through his counsel, refused Ex'pression's

14  request.  *See* Sinrod Decl., at ¶ 3.

15  **III.**    **JURISDICTION & MANDATORY ARBITRATION**

16      Plaintiff filed this action in this Court alleging subject matter jurisdiction under 28 U.S.C.

17  section 1331 and supplemental jurisdiction under 28 U.S.C. 1367(a).  This Court has the power to

18  compel mandatory and binding arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C.

19  section 1 *et seq.  Drexel Burnham, Lambert, Inc. v. Valenzuela Bock*, 696 F.Supp. 957, 959

20  (S.D.N.Y. 1988).

21  **IV.**    **DISCUSSION**

22      **A.**    **The Federal Arbitration Act and the California Arbitration Act Mandate That
23  Plaintiff's Claims Be Submitted to Binding Arbitration.**

24          **1.**    **The FAA and the CAA Require Arbitration Where an Arbitration
    Agreement "Exists."**

25  The FAA governs the enforceability of arbitration agreements in contracts involving

26  interstate commerce.  *See* 9 U.S.C. § 2; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111-112

27  (2001).  The FAA represents a liberal federal policy favoring arbitration agreements, and was

28  enacted to overcome reluctance to enforce arbitration agreements.  *Allied-Bruce Terminix Cos. v.*

*Dobson*, 513 U.S. 265, 270 (1995). Once triggered, the FAA mandates that:

> A written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, …, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. To that end, courts, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, ... shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

The California Arbitration Act ("CAA"), Code of Civil Procedure sections 1280, *et seq.*, also espouses a strong public policy favoring arbitration.[1] Like the FAA, the CAA provides in part:

> [T]he court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived …; or (b) Grounds exist for the revocation of the agreement ….

Cal. Code of Civ. Pro. § 1281.2; *see also*, Official Comment to § 1281.2. California courts are obligated to apply the FAA in cases where (1) the arbitration agreement expressly invokes the Act or (2) the transaction underlying the arbitration agreement involves interstate commerce. *See, e.g., Cronus Investments, Inc. v. Concierge Services*, 35 Cal.4th 376, 394 (2005); *Erickson v. Aetna Health Plans of California, Inc.*, 71 Cal.App.4th 646, 650-651 (1999). Both are present here. *See* Thompson Decl., at Exhibit A, p. 2.

The words "involving commerce" as used in section 2 of the FAA are equivalent to "affecting commerce," and signal an intent to exercise Congress' commerce power to the fullest extent permitted by the Commerce Clause. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). The FAA applies where interstate commerce is involved and when the economic activity represents a general practice subject to federal control. *Id*. The fact that a company involved in a transaction is itself a multi-jurisdictional corporation is evidence of interstate commerce. *Allied-Bruce, supra*, 513 U.S. at 282. Such is particularly the case where the multi-jurisdictional corporation uses the funds

---

[1] Ex'pression asserts the arbitration clause is subject to the FAA. California law similarly requires arbitration in this case pursuant to the CAA.

1    received to finance operations in other states, communicates by interstate mail and telephone, and

2    markets and advertises in various states by using interstate media, such as the internet.  *Citizens*

3    *Bank, supra*, 539 U.S. at 57-58.

4           Plaintiff's Enrollment Agreement meets the test.  Ex'pression, a Delaware corporation with its

5    principal place of business in California, is a multi-jurisdictional corporation, and it advertises to

6    other states and abroad via the internet.  Thompson Decl., ¶ 4.  Plaintiff's enrollment at Ex'pression

7    was funded in part by federal financial aid, and his application for such aid was transmitted to the

8    Central Processing System, a computer system operated by the U.S. Department of Education.

9    Thompson Decl., ¶ 5.  Moreover, Plaintiff's federal financial aid was funded by a lender in New

10   York, and ultimately deposited into his student account at Ex'pression through an electronic funds

11   transfer.  Thompson Decl., ¶ 5.  Thus the Enrollment Agreement---beyond any reasonable question--

12   -involves interstate commerce under the FAA.

13          The first threshold issue in deciding a motion to compel arbitration under the FAA or the

14   CAA is whether an arbitration agreement "exists" between the parties.  9 U.S.C. § 2; Cal. Code Civ.

15   Proc. § 1281.  Plaintiff's Enrollment Agreement contains an arbitration agreement, which Plaintiff

16   not only initialed individually but further "certified" his understanding of the "arbitration clause."

17   Thompson Decl., Exhibit A, p. 2.

18          **2.      Arbitration Agreements Are Liberally Construed, and Strictly Enforced.**

19          The FAA and CAA require courts to give liberal interpretation to arbitration provisions.  The

20   interpretation of the scope of an arbitration provision is governed by two guiding legal principles.

21   First, a court must consider the strong underlying federal policy favoring arbitration.  *Moses H. Cone*

22   *Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983) ("any doubts concerning

23   the scope of arbitrable issues should be resolved in favor of arbitration.").  Second, an order to

24   arbitrate a particular grievance should not be denied unless it may be said with "positive assurance"

25   that the arbitration provision is not susceptible of an interpretation that covers the asserted dispute.

26   *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

27          California law is the same: "Any ambiguity in the scope of the arbitration . . . will be

28   resolved in favor of arbitration."  *Hayes Children Leasing Co. v. NCR Corp.*, 37 Cal.App.4th 775,

788 (1995).  If a court determines that a written agreement to arbitrate a controversy "exists" then it must issue "an order to arbitrate such controversy" and such application "may not be refused on the ground that the petitioner's contentions lack substantive merit."  Cal. Code Civ. Proc. § 1281.2(c); *see also*, *Broughton v. Cigna Healthplans*, 21 Cal.4th 1066, 1074 (1999).  Rather, under California law, a court has no discretion to disregard a petition to order arbitration if, in fact, an agreement to arbitrate exists.[2]  Such is the case here.

### 3.    All of Plaintiff's Claims Are Subject to Mandatory, Binding Arbitration.

All of Plaintiff's claims here are subject to mandatory arbitration.  The arbitration agreement itself requires that "*[a]ny dispute* arising from enrollment at Ex'pression College for Digital Arts, *no matter how described, pleaded or styled*, shall be resolved by binding arbitration under the Federal Arbitration Act[.]"  Thompson Decl., Exhibit A, p. 2, emphasis added.  Such broad wording was plainly intended to cover *all* of Plaintiff's claims here, including without limitation, any claims seeking legal, equitable or declaratory relief.

Arbitrators have broad powers to determine any matter before them.  In supporting the broad purpose of the FAA, the U.S. Supreme Court in *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003) impliedly upheld an arbitrator's powers to use all legal and equitable remedies, "including, but not limited to, money damages, declaratory relief, and injunctive relief."  *Green Tree*, *supra*, 539 U.S. 444 at 448.  The California Supreme Court in *Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal.4th 303, 318 (2003), specifically held that claims for restitution under California's unfair competition law, one of the claims asserted by Plaintiff here, are subject to arbitration when there is an agreement to arbitrate.  *See also Broughton, supra,* 21 Cal.4th at 1074-75.

Moreover, the arbitration agreement expressly reserves for the arbitrator, not a court, to determine the arbitrability of any claim.  In *Green Tree*, the Supreme Court interpreted the FAA and

---

[2] *See also Coast Plaza Doctors Hospital v. Blue Cross of California*, 83 Cal.App.4th 677, 686-687, 99 Cal.Rptr.2d 809, 816-817 (2000); *Vianna v. Doctors' Management Co.*, 27 Cal.App.4th 1186, 1889, 33 Cal.Rptr.2d 188 (1994); *United Transportation Union v. Southern Cal. Rapid Transit Dist.*, 7 Cal.App.4th 804, 808, 9 Cal.Rptr.2d 702 (1992); *Provencio v. WMA Securities, Inc.*, 125 Cal.App.4th 1028, 1030-1031, 23 Cal.Rptr.3d 524, 525 (2005); *Christensen v. Dewor Developments* 33 Cal.3d 778, 782, 191 Cal.Rptr. 8 (1983) (any doubts regarding the arbitrability of a dispute are resolved in favor of arbitration.)

1   held that the question of whether certain claims for relief may be arbitrated is a question of contract

2   interpretation for the arbitrator, not the trial court, to decide. *Green Tree, supra*, 539 U.S. at 451-52.

3   California courts have held the same. *See Garcia v. DIRECTV, Inc.*, 115 Cal.App.4th 297, 300

4   (2004) (recognizing the foundational issue whether a particular arbitration agreement prohibits class-

5   wide arbitration is for the arbitrator, not the trial courts.) Any doubts regarding "arbitrability" are

6   resolved in favor of compelling arbitration. Here, Plaintiff seeks undisclosed money damages, a

7   legal remedy, as well as declaratory relief, an equitable remedy. Under both the FAA and the CAA,

8   Plaintiff must seek such remedies before an arbitrator, not this Court. Arbitration should be

9   compelled.

10      **B.    Under the FAA and CAA, This Case Should Be Dismissed Outright, or
             Alternatively Stayed Pending Arbitration.**

11

12      This Court has the inherent discretion to dismiss this case altogether for failure to state a

13  claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Thinket Ink Info. Res., Inc. v. Sun*

14  *Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (district court did not err in dismissing

15  plaintiffs' claims that were subject to arbitration pursuant to Fed. R. Civ. P. 12(b)(6)). Dismissal

16  serves judicial economy by removing this case from the Court's docket, and is entirely consistent

17  with the parties' intentions under the arbitration agreement.[3] Dismissal would be most appropriate

18  because once ordered to arbitration, there will be no further acts or decisions in this Court in this

19  matter. Once an award is issued by the arbitrator, the prevailing party can petition any court having

20  jurisdiction to enter the award as a judgment. *See* Thompson Decl., at Exhibit A, p. 2.

21      Alternatively, the case must be stayed pending arbitration. In order to give effect to the

22  underlying public policies favoring arbitration under the FAA and the CAA, both acts require that

23  courts enter stays of litigation actions pending arbitration. 9 U.S.C. § 3; Code Civ. Proc. §1281.4.

24  Under the FAA, courts "are obligated to grant stays of litigation under Section 3 of the Arbitration

25  Act." *Moses H. Cone Mem. Hosp., supra*, 460 U.S. at 26. Section 3 of the FAA provides:

26

27  [3] As the arbitration agreement provides, the parties agreed to submit "[a]ny dispute" to arbitration,
    and therefore, dismissal of this case under Rule 12(b)(1) of the Federal Rules of Civil Procedure for
28  lack of subject matter jurisdiction would similarly be appropriate in this case.

> [I]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The CAA similarly provides that:

> [I]f a court . . . has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.

Cal. Codes. Civ. Proc. § 1281.4. Use of the word "shall ... stay" in both statutes furthers the statutory purpose under the FAA and CAA "to protect the jurisdiction of the arbitrator by preserving the status quo until the arbitration is resolved . . . . [¶] In the absence of a stay, the continuation of the proceeding in the trial court disrupts the arbitration proceeding and can render them ineffective." *Federal Ins. Co. v. Superior Court*, 60 Cal.App.4th 1370, 1374-1375 (1998); *Coast Plaza Doctors Hospital v. Blue Cross of California*, 83 Cal.App.4th 677, 693 (2000).

As the California Supreme Court has observed,

> United States Supreme Court case law makes clear that when a suit contains both arbitrable and inarbitrable claims, the arbitrable claims should be severed from those that are inarbitrable and sent to arbitration.

*Broughton*, *supra*, 21 Cal.4th at 1088. Moreover, "[t]his is so even when severance leads to inefficiency." *Id. See also Dean Witter Reynolds, supra*, 470 U.S. at 221. "[W]hen there is a severance of arbitrable from inarbitrable claims, the trial court has the discretion to stay proceedings on the inarbitrable claims pending resolution of the arbitration." *Cruz, supra,* 30 Cal.4th at 320, *citing* Code Civ. Proc. § 1281.4.

Here, arbitration is in the interests of both Ex'pression and Plaintiff, as it will allow them to proceed quickly and with comparatively little cost. Underlying the basis of the strong public policy in favor of arbitration over litigation are factors such as cost and speed. *See Scherk v. Alberto-*

*Culver Co.* 417 U.S. 506, 510-511 (1974).  Given the potential amount in controversy of the alleged claims compared to the time and expense of litigation, arbitration is the preferred method of proceeding.  The Court should dismiss, or stay, this case in favor of arbitration.

**V.    CONCLUSION**

For the foregoing reasons, the Court should compel Plaintiff to arbitrate his claims, and dismiss, or alternatively stay, this lawsuit accordingly.

Respectfully submitted,

Dated: July 24, 2008                    **DUANE MORRIS LLP**

By:    /s/ Michael J. Dickman
_____
Eric J. Sinrod
Michael J. Dickman
Attorneys for Defendant
Ex'pression Center For New Media

1   Eric J. Sinrod  (SBN 122868)
    Michael J. Dickman (SBN 227096)
2   **DUANE MORRIS LLP**
    One Market, Spear Tower, Suite 2000
3   San Francisco, CA 94105-1104
    Telephone: 415.957.3000
4   Facsimile: 415.957.3001
    E-Mail:    ejsinrod@duanemorris.com
5              mjdickman@duanemorris.com

6   Keith Zakarin (SBN 126528)
    **DUANE MORRIS LLP**
7   101 West Broadway, Suite 900
    San Diego, CA 92101
8   Telephone: 619.744.2200
    Facsimile: 619.744.2201
9   E-Mail:       kzakarin@duanemorris.com

10  Attorneys for Defendant
    Ex'pression Center For New Media

11

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15                                    | Case No.: C08-01768-MHP
    SAMUEL DIGIACOMO,
16                                    | **DECLARATION OF ERIC J. SINROD
                    Plaintiff,        | IN SUPPORT OF EX'PRESSION
17                                    | CENTER FOR NEW MEDIA'S
         v.                           | MOTION TO COMPEL
18                                    | ARBITRATION AND TO DISMISS, OR
    EX'PRESSION CENTER FOR NEW MEDIA, | ALTERNATIVELY STAY, CASE**
19  INC., d/b/a EX'PRESSION COLLEGE FOR
    DIGITAL ARTS, et al.,
20
                    Defendants.       | Date:       September 8, 2008
21                                    | Time:       2:00 P.M.
                                      | Judge:      Hon. Marilyn H. Patel
22                                    | Dept.:      15, 18th Floor
                                      | Location:   450 Golden Gate Ave.
23                                    |             San Francisco, CA 94102
24                                    | Complaint Filed:    April 2, 2008
25
26
27
28

DM1\1364631.1

DECLARATION OF ERIC J. SINROD IN SUPPORT OF MOTION TO COMPEL ARBITRATION

I, Eric J. Sinrod, declare:

1.    I am a partner with the law firm Duane Morris LLP, counsel for Defendant Ex'pression College for Digital Arts, known herein by its former name, "Ex'pression Center For New Media" ("Ex'pression") in this matter. I have personal knowledge of the matters stated herein, and if called upon could competently testify thereto.

2.    On May 27, 2008, I personally sent an e-mail to counsel for Plaintiff Samuel DiGiacomo, Thomas Clarke. In that e-mail, I informed Mr. Clarke that Mr. DiGiacomo's claims were subject to the arbitration provision in the Enrollment Agreement, and I invited Mr. DiGiacomo to dismiss this case in favor of arbitration. Attached hereto as Exhibit A is a true and correct copy of my May 27, 2008 e-mail to Mr. Clarke.

3.    On June 12, 2008, I received a letter from Mr. Clarke rejecting arbitration of this matter. That rejection has been underscored by Plaintiff's decision to file this lawsuit, rather than submit to arbitration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July 1st at San Francisco, California.

_____
Eric J. Sinrod

DECLARATION OF ERIC J. SINROD IN SUPPORT OF MOTION TO COMPEL ARBITRATION

# EXHIBIT A

**Dickman, Michael J.**

---

| | |
|---|---|
| **From:** | Sinrod, Eric J. |
| **Sent:** | Tuesday, May 27, 2008 2:36 PM |
| **To:** | 'Clarke, Thomas H., Jr.' |
| **Subject:** | Tom: Di Giacomo/Ex'pression |

## Hi Tom,

**I received your voicemail message today - thank you. I hope your daughter is doing better. In any event, as you likely are aware, Di Giacomo's claims are subject to mandatory arbitration by way of his enrollment agreement. Accordingly, if he truly intends to pursue his claims, his complaint should be dismissed and he should commence arbitration. If he does not do that, Ex'pression will cross-claim for breach once arbitration is compelled.**

**We look forward to hearing back from you on this.**

**Respectfully,**

**Eric**

**Eric J. Sinrod**
Partner

**Duane Morris LLP**
One Market, Spear Tower
Suite 2000
San Francisco, CA 94105-1104
**P:** 415.957.3019 **F:** 415.957.3001
EJSinrod@duanemorris.com
www.duanemorris.com

**To receive my weekly legal columns for CNET News.com and Findlaw.com, please send an email with Subscribe in the Subject line to ejsinrod@duanemorris.com**

Eric J. Sinrod  (SBN 122868)
Michael J. Dickman (SBN 227096)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:    ejsinrod@duanemorris.com
           mjdickman@duanemorris.com

Keith Zakarin (SBN 126528)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:    kzakarin@duanemorris.com

Attorneys for Defendant
Ex'pression Center For New Media

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DIGIACOMO,<br><br>                    Plaintiff,<br><br>        v.<br><br>EX'PRESSION CENTER FOR NEW MEDIA,<br>INC., d/b/a EX'PRESSION COLLEGE FOR<br>DIGITAL ARTS, et al.,<br><br>                    Defendants. | Case No.: C08-01768-MHP<br><br>**DECLARATION OF MELISSA THOMPSON IN SUPPORT OF EX'PRESSION CENTER FOR NEW MEDIA'S MOTION TO COMPEL ARBITRATION AND TO DISMISS, OR ALTERNATIVELY STAY, CASE**<br><br>Date:         September 1, 2008<br>Time:         2:00 P.M.<br>Judge:        Hon. Marilyn H. Patel<br>Dept.:        15, 18th Floor<br>Location:     450 Golden Gate Ave.<br>              San Francisco, CA 94102<br><br>Complaint Filed:    April 2, 2008 |

DM1\1363946.1

I, Melissa Thompson, declare:

1.     I am the Manager of Compliance and Regulatory Affairs at Ex'pression College for Digital Arts, known herein by its former name, "Ex'pression Center For New Media" ("Ex'pression"). I have personal knowledge of the matters stated herein, and if called upon could competently testify thereto.

2.     I have been Manager of Compliance and Regulatory Affairs at Ex'pression since 2004. Ex'pression is a state licensed nationally accredited private college that specializes in digital sound and visual art education. I am responsible for coordinating with both the state regulatory body responsible for overseeing private postsecondary educational institutions such as Ex'pression and Ex'pression's accrediting body, the Accrediting Commission of Career Schools and Colleges of Technology ("ACCSCT"). As a result of my job responsibilities, I am intimately familiar with Ex'pression's obligations related to student enrollment contracts. Under both California law and the ACCSCT's policies, Ex'pression is required to enter into an Enrollment Agreement with each student, and Ex'pression must maintain a copy of that agreement in its student files.

3.     Attached hereto as Exhibit A is a true and correct copy of Plaintiff Samuel DiGiacomo's Enrollment Agreement with Ex'pression, dated September 18, 2006. The Enrollment Agreement is maintained in Mr. DiGiacomo's student file at Ex'pression in the ordinary course of business, and pursuant to California law and ACCSCT policy.

4.     Ex'pression is a corporation incorporated under the laws of Delaware with its principal place of business in Emeryville, California. Ex'pression maintains a website at http://www.expression.edu through which it advertises outside California and abroad.

5.     As an accredited school, Ex'pression participates in several federal financial aid programs, including the Stafford Loan Program and the Pell Grant Program. Mr. DiGiacomo qualified for federal financial aid while he attended Ex'pression. In order to obtain federal financial aid, Mr. DiGiacomo was required to fill out a Free Application for Federal Student Aid ("FAFSA") which is then transmitted to the Central Processing System ("CPS"), a computer system operated by the U.S. Department of Education. CPS, upon receiving a completed FAFSA, determines eligibility of federal financial assistance available to a student. The funds for Mr. DiGiacomo's federal

1  financial aid originated from a lender in New York and were subsequently transferred to

2  Ex'pression's third-party loan servicing provider, Educational Loan Management Resources ("ELM")

3  in California.  The funds were then deposited into Mr. DiGiacomo's student account at Ex'pression

4  via electronic funds transfer from ELM.

5      I declare under penalty of perjury under the laws of the State of California that the foregoing

6  is true and correct and that this declaration was executed on July 18 at Emeryville, California.

7

8  _Melissa Thompson_
   Melissa Thompson

DECLARATION OF MELISSA THOMPSON IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1   Eric J. Sinrod  (SBN 122868)
    Michael J. Dickman (SBN 227096)
2   **DUANE MORRIS** LLP
    One Market, Spear Tower, Suite 2000
3   San Francisco, CA 94105-1104
    Telephone: 415.957.3000
4   Facsimile: 415.957.3001
    E-Mail:    ejsinrod@duanemorris.com
5              mjdickman@duanemorris.com

6   Keith Zakarin (SBN 126528)
    **DUANE MORRIS** LLP
7   101 West Broadway, Suite 900
    San Diego, CA 92101
8   Telephone: 619.744.2200
    Facsimile: 619.744.2201
9   E-Mail:    kzakarin@duanemorris.com

10  Attorneys for Defendant
    Ex'pression Center For New Media

11

12              **IN THE UNITED STATES DISTRICT COURT**

13            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14

15  SAMUEL DIGIACOMO,                        Case No.: C08-01768-MHP

16                  Plaintiff,               **DECLARATION OF MELISSA
                                             THOMPSON IN SUPPORT OF
17      v.                                   EX'PRESSION CENTER FOR NEW
                                             MEDIA'S MOTION TO COMPEL
18  EX'PRESSION CENTER FOR NEW MEDIA,        ARBITRATION AND TO DISMISS, OR
    INC., d/b/a EX'PRESSION COLLEGE FOR      ALTERNATIVELY STAY, CASE**
19  DIGITAL ARTS, et al.,

20                  Defendants.              Date:      September 8, 2008
                                             Time:      2:00 P.M.
21                                           Judge:     Hon. Marilyn H. Patel
                                             Dept.:     15, 18th Floor
22                                           Location:  450 Golden Gate Ave.
                                                        San Francisco, CA 94102
23
                                             Complaint Filed:    April 2, 2008
24

25

26

27

28

I, Melissa Thompson, declare:

1.    I am the Manager of Compliance and Regulatory Affairs at Ex'pression College for Digital Arts, known herein by its former name, "Ex'pression Center For New Media" ("Ex'pression"). I have personal knowledge of the matters stated herein, and if called upon could competently testify thereto.

2.    I have been Manager of Compliance and Regulatory Affairs at Ex'pression since 2004. Ex'pression is a state licensed nationally accredited private college that specializes in digital sound and visual art education. I am responsible for coordinating with both the state regulatory body responsible for overseeing private postsecondary educational institutions such as Ex'pression and Ex'pression's accrediting body, the Accrediting Commission of Career Schools and Colleges of Technology ("ACCSCT"). As a result of my job responsibilities, I am intimately familiar with Ex'pression's obligations related to student enrollment contracts. Under both California law and the ACCSCT's policies, Ex'pression is required to enter into an Enrollment Agreement with each student, and Ex'pression must maintain a copy of that agreement in its student files.

3.    Attached hereto as Exhibit A is a true and correct copy of Plaintiff Samuel DiGiacomo's Enrollment Agreement with Ex'pression, dated September 18, 2006. The Enrollment Agreement is maintained in Mr. DiGiacomo's student file at Ex'pression in the ordinary course of business, and pursuant to California law and ACCSCT policy.

4.    Ex'pression is a corporation incorporated under the laws of Delaware with its principal place of business in Emeryville, California. Ex'pression maintains a website at http://www.expression.edu through which it advertises outside California and abroad.

5.    As an accredited school, Ex'pression participates in several federal financial aid programs, including the Stafford Loan Program and the Pell Grant Program. Mr. DiGiacomo qualified for federal financial aid while he attended Ex'pression. In order to obtain federal financial aid, Mr. DiGiacomo was required to fill out a Free Application for Federal Student Aid ("FAFSA") which is then transmitted to the Central Processing System ("CPS"), a computer system operated by the U.S. Department of Education. CPS, upon receiving a completed FAFSA, determines eligibility of federal financial assistance available to a student. The funds for Mr. DiGiacomo's federal

1  financial aid originated from a lender in New York and were subsequently transferred to

2  Ex'pression's third-party loan servicing provider, Educational Loan Management Resources ("ELM")

3  in California.  The funds were then deposited into Mr. DiGiacomo's student account at Ex'pression

4  via electronic funds transfer from ELM.

5          I declare under penalty of perjury under the laws of the State of California that the foregoing

6  is true and correct and that this declaration was executed on July 18 at Emeryville, California.

7

8                                          Melissa Thompson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28