1  Thomas H. Clarke, Jr. (SBN 47592)
   Andrew M. Wolfe (SBN 114076)
2  **ROPERS, MAJESKI, KOHN & BENTLEY**
   201 Spear Street, Suite 1000
3  San Francisco, CA 94105
   Telephone: 415.543.4800
4  Facsimile: 415.972.6301
   E-Mail: tclarke@rmkb.com
5
   Attorneys for Plaintiff
6  Samuel DiGiacomo

7

8  Eric J. Sinrod (SBN 122868)
   Michael J. Dickman (SBN 227096)
9  **DUANE MORRIS LLP**
   One Market, Spear Tower, Suite 2000
10 San Francisco, CA 94105-1104
   Telephone: 415.957.3000
11 Facsimile: 415.957.3001
   E-Mail:    ejsinrod@duanemorris.com
12            mjdickman@duanemorris.com

   Attorneys for Defendant
13 Ex'pression Center For New Media

14
                IN THE UNITED STATES DISTRICT COURT
15
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
16

17 SAMUEL DIGIACOMO,                          Case No.: C08-01768-MHP

18                Plaintiff,                   **(1) STIPULATION AND JOINT
                                               REQUEST FOR STAY PENDING
19        v.                                   RESOLUTION OF DEFENDANT
                                               EX'PRESSION CENTER FOR NEW
20 EX'PRESSION CENTER FOR NEW MEDIA,           MEDIA'S MOTION TO COMPEL
   INC., d/b/a EX'PRESSION COLLEGE FOR         ARBITRATION**
21 DIGITAL ARTS, et al.,
                                               **(2) [PROPOSED] ORDER**
22                Defendants.

23
                                               Judge:    Hon. Marilyn H. Patel
24                                             Date:     August 18, 2008
                                               Time:     4:00 P.M.
25
                                               Complaint Filed:  April 2, 2008
26

27

28
   RC1/5162449.1/CB12                  - 1 -
   STIPULATION AND JOINT REQUEST FOR STAY PENDING RESOLUTION OF DEFENDANT EX'PRESSION CENTER
                FOR NEW MEDIA'S MOTION TO COMPEL ARBITRATION; [PROPOSED] ORDER

1  **WHEREAS** Plaintiff Samuel DiGiacomo ("Plaintiff") is a former student of Defendant
2  Ex'pression Center for New Media d/b/a Ex'pression College for Digital Arts ("Ex'pression");
3  and

4  **WHEREAS** Plaintiff filed this action alleging that Ex'presson violated federal and state
5  law; and

6  **WHEREAS** Ex'pression contends that Plaintiff is contractually obligated to submit his
7  claims to binding arbitration under the Federal Arbitration Act; and

8  **WHEREAS** Plaintiff contends that Plaintiff's claims are not subject to binding arbitration
9  under the Federal Arbitration Act; and

10 **WHEREAS** the Court has set an Initial Case Management Conference in this action for
11 August 18, 2008; and

12 **WHEREAS** Plaintiff and Ex'pression (collectively "Parties") agree that it would be
13 premature and inefficient to address the subjects required for a Joint Initial Case Management
14 Statement in light of their dispute regarding arbitration; and

15 **WHEREAS** the Parties, having met and conferred, wish to preserve judicial economy and
16 avoid the expenditure of potentially unnecessary time, effort and expense pending judicial
17 resolution of whether Plaintiff's claims are subject to arbitration.

18 **THEREFORE** the Parties agree and stipulate as follows:

19 1.  This action shall be stayed until such time as the Court enters an order granting or
20 denying Ex'pression's Motion to Compel Arbitration.

21 2.  The Parties agree to the following briefing schedule with respect to Ex'pression's
22 Motion to Compel Arbitration:

23    a.  July 22, 2008 – Ex'pression's Opening Brief Due.
24    b.  August 18, 2008 -- Plaintiff's Opposition Brief Due.
25    c.  August 25, 2008 -- Ex'pression's Reply Brief Due.
26    d.  Sepetmber 8, 2008 -- Hearing on Ex'pression's Motion to Compel
27 Arbitration.

28    ///

RC1/5162449.1/CB12                                    - 2 -

STIPULATION AND JOINT REQUEST FOR STAY PENDING RESOLUTION OF DEFENDANT EX'PRESSION CENTER
FOR NEW MEDIA'S MOTION TO COMPEL ARBITRATION; [PROPOSED] ORDER

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

3. The Parties agree to the following deadlines in connection with this case:

    a. Ex'pression shall have until thirty (30) days after entry of the Court's order denying the Motion to Compel Arbitration to respond to Plaintiff's complaint. The Parties acknowledge this deadline becomes moot if the Court grants the Motion to Compel Arbitration.

    b. The Parties shall serve their Rule 26 Initial Disclosures thirty (30) days after entry of the Court's order denying the Motion to Compel Arbitration. The Parties acknowledge this deadline becomes moot if the Court grants the Motion to Compel Arbitration.

    c. The Initial Case Management Conference, currently scheduled for August 18, 2008, should be rescheduled until thirty (30) days after entry of the Court's order denying the Motion to Compel Arbitration. The Parties acknowledge this deadline becomes moot if the Court grants the Motion to Compel Arbitration.

4. This stipulation shall not operate to waive, estop, bar, impair or in any way affect either Parties' appellate rights, if any, in connection with Ex'pression's Motion to Compel Arbitration or any Court order resulting therefrom, and all such appellate rights are expressly preserved.

**IT IS FURTHER JOINTLY REQUESTED** by the Parties that this Court enter an order consistent with this Stipulation and Joint Request pursuant to Civil Local Rule 7-12.

**SO STIPULATED.**

Respectfully submitted,

Dated: August 8, 2008

**ROPERS MAJESKI KOHN & BENTLEY**

By: _____
Thomas H. Clarke
Attorneys for Plaintiff
Samuel DiGiacomo

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5162449.1/CB12   - 3 -

STIPULATION AND JOINT REQUEST FOR STAY PENDING RESOLUTION OF DEFENDANT EX'PRESSION CENTER FOR NEW MEDIA'S MOTION TO COMPEL ARBITRATION; [PROPOSED] ORDER

1  Dated: August 7, 2008            DUANE MORRIS LLP

                                    By: _____
                                    Eric J. Sinrod
                                    Michael J. Dickman
                                    Attorneys for Defendant
                                    Ex'pression Center For New Media

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____            By: _____
                                    The Honorable Judge Marilyn H. Patel