Thomas H. Clarke, Jr. (SBN 47592)
Andrew M. Wolfe (SBN 114076)
**ROPERS, MAJESKI, KOHN & BENTLEY**
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.543.4800
Facsimile: 415.972.6301
E-Mail: tclarke@rmkb.com;
awolfe@rmkb.com

Attorneys for Plaintiff
Samuel DiGiacomo


Eric J. Sinrod (SBN 122868)
Michael J. Dickman (SBN 227096)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail: ejsinrod@duanemorris.com;
mjdickman@duanemorris.com

Attorneys for Defendant
Ex'pression Center For New Media

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DIGIACOMO,<br><br>Plaintiff,<br><br>v.<br><br>EX'PRESSION CENTER FOR NEW MEDIA, INC., d/b/a EX'PRESSION COLLEGE FOR DIGITAL ARTS, et al.,<br><br>Defendants. | Case No.: C08-01768-MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>[FRCP 16, 26; Civ. L-R 16-10]<br><br>Judge:  Hon. Marilyn H. Patel<br>Date:   August 18, 2008<br>Time:   4:00 P.M.<br><br>Complaint Filed:  April 2, 2008 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9, and in accordance with the Court's Standing Order Re Case Management Conference, Plaintiff Samuel DiGiacomo ("Plaintiff") and Defendant Ex'pression Center for New Media d/b/a

RC1/5164280.1/CB12                                       - 1 -
JOINT CASE MANAGEMENT STATEMENT

Ex'pression College for Digital Arts ("Defendant" or "Ex'pression") hereby submit this Joint Case Management Statement in advance of the Initial Case Management Conference scheduled on August 18, 2008.

## I. DISPUTE CONCERNING ARBITRABILITY

This lawsuit involves a dispute between a former student and a private vocational school. Plaintiff is a former student of Defendant Ex'pression Center for New Media, a private post-secondary vocational school located in Emeryville, California that specializes in digital sound and visual arts. Plaintiff alleges that during his entire life he has suffered from Asperger's Syndrome and that this syndrome is a form of autism.[1] Plaintiff was enrolled in one of Ex'pression's educational programs from approximately September 2006 until April 2007 when Plaintiff's enrollment was terminated. Prior to termination he had successfully completed three semesters of study. Plaintiff filed this action alleging violations of both federal and state law arising out of his termination from Defendant's educational program. The parties dispute the factual basis and/or reasons for Plaintiff's termination from the program.

Plaintiff contends that the termination decision was based on the false and perjured statements of former roommates who, unfortunately, were drug abusers, and that any other conduct that Defendant cites is merely puffery created after the lawsuit was filed. Plaintiff contends that his evidence will show: (1) that both of the complainants against him were former roommates who had been terminated from their tenancy because of their drug addiction and drug-related misconduct; and (2) that one of those complainants was arrested by Emeryville Police when, following his eviction, he tried to break into the apartment he formerly shared with Plaintiff.

Ex'pression disputes Plaintiff's version of the facts, and Defendant contends that Plaintiff's termination was justified under the circumstances in that Plaintiff's behavior was disruptive to the educational process and threatening to faculty and other students. Defendant denies that any of

---

[1] Plaintiff also contends that he suffers from bipolar disorder (also known as manic depression); that this condition, like his Asperger's Syndrome, was made known to Defendant at the time of his enrollment; and that at the time of his enrollment, his mother offered the school copies of medical records showing his diagnosis with these two disorders. Plaintiff will add allegations regarding this disorder to the complaint when it is next amended.

RC1/5164280.1/CB12                                  - 2 -
JOINT CASE MANAGEMENT STATEMENT

1  its conduct was unlawful in any way.

2  Ex'pression asserts this case is subject to mandatory arbitration under the Federal Arbitration Act. As part of his enrollment into Defendant's educational program, Plaintiff executed an Enrollment Agreement which contains an arbitration clause. As a result, Defendant contends that Plaintiff's claims must be referred to binding arbitration under the Federal Arbitration Act. Plaintiff, however, contends that the arbitration clause contained in the Enrollment Agreement is unenforceable because, inter alia, it is procedurally and substantively unconscionable and, as result, his claims may proceed in this Court.

In early June 2008, Defendant's counsel advised Plaintiff's counsel that this matter was subject to the arbitration clause. Plaintiff's counsel responded that this matter should not be referred to arbitration because that clause was invalid as a matter of law. This motion has been scheduled as follows:

August 18, 2008 -- Plaintiff's Opposition Due

August 25, 2008 -- Defendant's Reply Due

September 8, 2008 -- Hearing on Motion to Compel Arbitration

For the sake of judicial economy and to avoid potentially unnecessary time, effort and expenses, the parties agree that this case should be stayed until such time as this Court enters an order on Defendant's motion to compel arbitration.

## II. DISCUSSION OF CASE MANAGEMENT SUBJECTS

In light of the arbitration dispute discussed above, the parties believe that it is premature to address most of the subjects required in a Joint Case Management Statement pursuant to this Court's standing order. Those subjects which address case management, discovery, and scheduling would become moot in the event the Court grants the Motion to Compel Arbitration. Nonetheless, the parties have attempted to address those subjects in good faith, which are discussed below.

### 1. Jurisdiction and Service.

Plaintiff's complaint asserts that this Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. sections 1331, in that this case arises out of alleged violations of the

RC1/5164280.1/CB12    - 3 -
JOINT CASE MANAGEMENT STATEMENT

1  Rehabilitation Act of 1973, codified at 29 U.S.C. section 701, *et seq.*, and seeks declaratory relief
2  pursuant to 28 U.S.C. section 2201. Plaintiff further asserts this Court has supplemental
3  jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. section 1367(a) in that such
4  state law claims arise out of the same case or controversy under Article III of the United State
5  Constitution. As discussed above, Defendant contends this action is subject to mandatory
6  arbitration under the Federal Arbitration Act.

7  Defendant's counsel agreed to accept service of the complaint, and Plaintiff served his
8  complaint on counsel for Defendant on May 27, 2008. On May 29, 2008, Defendant's counsel
9  returned an executed copy of Waiver of Service of Summons to Plaintiff's counsel. The parties
10 have agreed that Ex'pression need not respond to the complaint until after the Court decides
11 Ex'pression's motion to compel arbitration.

12  **2.   Brief Statement of Facts.**

13  The parties' factual contentions are set forth in Section I above.

14  **3.   Legal Issues.**

15  Plaintiff contends that Defendant violated both federal and state law in connection with
16 Plaintiff's termination from Defendant's educational program. To that end, Plaintiff alleges six
17 causes of action against Defendant for alleged violations of the Rehabilitation Act of 1973 under
18 29 U.S.C. section 701, *et seq.*, alleged discrimination in violation of California Government Code
19 sections 11135 and 11139, alleged violations of the Unruh Civil Rights Act under California Civil
20 Code section 51, alleged violations of the California Unfair Competition Law under California
21 Business and Professions Code section 17200, alleged violations of a common law right to fair
22 procedure under California law, and seeks declaratory relief under 28 U.S.C. section 2201 and
23 California Code of Civil Procedure section 1060. Defendant denies that its conduct was unlawful
24 in any manner, or that Plaintiff is entitled to relief of any kind. Further, Defendant contends this
25 matter is subject to mandatory binding arbitration under the Federal Arbitration Act.

26  **4.   Motions.**

27  As mentioned above, Plaintiff and Defendant dispute whether this case is subject to
28 mandatory arbitration under the Federal Arbitration Act. As a result, the parties believe it is

RC1/5164280.1/CB12                          - 4 -
JOINT CASE MANAGEMENT STATEMENT

premature to address the nature and scope of any anticipated motions beyond Defendant's motion to compel arbitration.

### 5. Amendment of Pleadings.

At present, Plaintiff does not anticipate amending his complaint. Defendant has not yet responded to the complaint, and the parties have agreed that Defendant need not respond until after the Court decides Defendant's motion to compel arbitration. In the event the Court denies Defendant's motion to compel arbitration, the parties agreed during the meet and confer process that Defendant would file its responsive pleading no later than 30 days after entry of the Court's order denying the motion.

### 6. Evidence Preservation.

Counsel for both parties have informed their respective clients of the necessity of preserving all potentially relevant documentation and electronic information, and requested that all such documentation and/or information be preserved.

### 7. Initial Disclosures.

During the meet and confer process regarding the arbitration issue, the parties agreed to postpone the time for service of Initial Disclosures pursuant to Rule 26 of the FRCP. The parties agree that in the event the Court denies the motion to compel arbitration, initial disclosures shall be due 30 days after entry of the Court's order denying the motion. If the motion to compel arbitration is granted, the parties' Initial Disclosure obligations would be moot.

### 8. Discovery.

As discussed above, the parties agree this case should be stayed pending a determination of Defendant's motion to compel arbitration. If the motion to compel arbitration is granted, the parties' discovery obligations would be moot. In the event the Court denies the motion to compel arbitration, the parties will promptly meet and confer regarding a mutually agreeable discovery plan for this case.

### 9. Class Actions.

This case is not a class action. However, Plaintiff has informed Defendant that if the motion to compel arbitration is denied, Plaintiff may amend its complaint to state a class action.

In Plaintiff's view, if, as it now appears, Defendant has in fact inserted the same arbitration clause in the enrollment forms it has required a large number (if not all) of its students to sign as a precondition to becoming one of its students, the legality of Defendant's conduct may most appropriately be determined on a class-wide basis. Defendant disagrees, and would oppose class treatment in this case.

### 10. Related Cases.

There are no cases related to this action.

### 11. Relief.

In light of the arbitration issue, the parties believe it is premature to address the relief sought in the complaint.

### 12. Settlement and ADR.

To date, the parties have engaged in informal settlement discussions but have been unable to resolve the case. During the meet and confer process on June 23, 2008, Plaintiff's counsel indicated a willingness to mediate this dispute. Defendant contends that this matter is subject to binding arbitration as discussed above.

### 13. Consent to Magistrate

On or about June 26, 2008, Plaintiff objected to the assignment of a Magistrate Judge, which resulted in this matter being reassigned to this Court.

### 14. Other References.

Defendant contends that this matter is subject to arbitration as set forth above. Beyond the arbitration issue, the parties do not believe it would necessary to refer this case to a special master or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues.

At present, the parties believe it is premature to attempt to narrow the issues in this case in light of the arbitration dispute.

### 16. Expedited Schedule.

At present, the parties do not believe this case should be subject to an expedited schedule, but should be governed by the applicable Federal Rules of Civil Procedure.

**17. Scheduling.**

If the Court grants Defendant's motion to compel arbitration, the parties agree that scheduling issues would be moot. However, in the event the Court denies the motion, the parties agree to meet and confer promptly in order to develop a mutually acceptable schedule for this case. During the meet and confer process, the parties agreed upon the following deadlines in the event the Court denies the motion:

Initial Disclosures under Rule 26 -- 30 days after entry of order denying motion.

Defendant's response to complaint -- 30 days after entry of order denying motion.

**18. Trial.**

In the event the Court denies Defendant's motion to compel arbitration, both parties request a trial by jury in this matter. The parties estimate that trial would last approximately two weeks.

**19. Disclosure of Interested Non-Parties.**

Pursuant to Civil Local Rule 3-16, the following persons and corporations have a financial interest in Ex'pression Center for New Media d/b/a Ex'pression College for Digital Arts: EJW, Inc., a wholly owned subsidiary of Ex'tent, b.v., a Dutch corporation. Ex'tent, b.v. is privately owned by Carolien Wintzen.

**20. Other Matters.**

None at this time.

Dated: August 8, 2008

Respectfully submitted,
**ROPERS MAJESKI KOHN & BENTLEY**

By: _____
Thomas H. Clarke
Attorneys for Plaintiff
Samuel DiGiacomo

RC1/5164280.1/CB12

- 7 -

JOINT CASE MANAGEMENT STATEMENT

Dated: August 7, 2008

DUANE MORRIS LLP

By: /s/ Michael J. Dickman
Eric J. Sinrod
Michael J. Dickman
Attorneys for Defendant
Ex'pression Center For New Media