Thomas H. Clarke, Jr. (SBN 47592)
Andrew M. Wolfe (SBN 114076)
**ROPERS, MAJESKI, KOHN & BENTLEY**
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.543.4800
Facsimile: 415.972.6301
E-Mail: tclarke@rmkb.com

Attorneys for Plaintiff
Samuel DiGiacomo


Eric J. Sinrod (SBN 122868)
Michael J. Dickman (SBN 227096)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail: ejsinrod@duanemorris.com
         mjdickman@duanemorris.com

Attorneys for Defendant
Ex'pression Center For New Media

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DIGIACOMO,<br><br>           Plaintiff,<br><br>v.<br><br>EX'PRESSION CENTER FOR NEW MEDIA, INC., d/b/a EX'PRESSION COLLEGE FOR DIGITAL ARTS, et al.,<br><br>           Defendants. | Case No.: C08-01768-MHP<br><br>**(1) STIPULATION AND JOINT REQUEST FOR STAY PENDING RESOLUTION OF DEFENDANT EX'PRESSION CENTER FOR NEW MEDIA'S MOTION TO COMPEL ARBITRATION**<br><br>**(2) [~~PROPOSED~~] ORDER**<br><br>Judge:   Hon. Marilyn H. Patel<br>Date:    August 18, 2008<br>Time:    4:00 P.M.<br><br>Complaint Filed:   April 2, 2008 |

RC1/5162449.1/CB12                            - 1 -

STIPULATION AND JOINT REQUEST FOR STAY PENDING RESOLUTION OF DEFENDANT EX'PRESSION CENTER FOR NEW MEDIA'S MOTION TO COMPEL ARBITRATION; [PROPOSED] ORDER

**WHEREAS** Plaintiff Samuel DiGiacomo ("Plaintiff") is a former student of Defendant Ex'pression Center for New Media d/b/a Ex'pression College for Digital Arts ("Ex'pression"); and

**WHEREAS** Plaintiff filed this action alleging that Ex'presson violated federal and state law; and

**WHEREAS** Ex'pression contends that Plaintiff is contractually obligated to submit his claims to binding arbitration under the Federal Arbitration Act; and

**WHEREAS** Plaintiff contends that Plaintiff's claims are not subject to binding arbitration under the Federal Arbitration Act; and

**WHEREAS** the Court has set an Initial Case Management Conference in this action for August 18, 2008; and

**WHEREAS** Plaintiff and Ex'pression (collectively "Parties") agree that it would be premature and inefficient to address the subjects required for a Joint Initial Case Management Statement in light of their dispute regarding arbitration; and

**WHEREAS** the Parties, having met and conferred, wish to preserve judicial economy and avoid the expenditure of potentially unnecessary time, effort and expense pending judicial resolution of whether Plaintiff's claims are subject to arbitration.

**THEREFORE** the Parties agree and stipulate as follows:

1. This action shall be stayed until such time as the Court enters an order granting or denying Ex'pression's Motion to Compel Arbitration.

2. The Parties agree to the following briefing schedule with respect to Ex'pression's Motion to Compel Arbitration:

   a. July 22, 2008 – Ex'pression's Opening Brief Due.

   b. August 18, 2008 -- Plaintiff's Opposition Brief Due.

   c. August 25, 2008 -- Ex'pression's Reply Brief Due.

   d. Sepetmber 8, 2008 -- Hearing on Ex'pression's Motion to Compel Arbitration.

///

3. The Parties agree to the following deadlines in connection with this case:

    a. Ex'pression shall have until thirty (30) days after entry of the Court's order denying the Motion to Compel Arbitration to respond to Plaintiff's complaint. The Parties acknowledge this deadline becomes moot if the Court grants the Motion to Compel Arbitration.

    b. The Parties shall serve their Rule 26 Initial Disclosures thirty (30) days after entry of the Court's order denying the Motion to Compel Arbitration. The Parties acknowledge this deadline becomes moot if the Court grants the Motion to Compel Arbitration.

    c. The Initial Case Management Conference, currently scheduled for August 18, 2008, should be rescheduled until thirty (30) days after entry of the Court's order denying the Motion to Compel Arbitration. The Parties acknowledge this deadline becomes moot if the Court grants the Motion to Compel Arbitration.

4. This stipulation shall not operate to waive, estop, bar, impair or in any way affect either Parties' appellate rights, if any, in connection with Ex'pression's Motion to Compel Arbitration or any Court order resulting therefrom, and all such appellate rights are expressly preserved.

**IT IS FURTHER JOINTLY REQUESTED** by the Parties that this Court enter an order consistent with this Stipulation and Joint Request pursuant to Civil Local Rule 7-12.

**SO STIPULATED.**

Respectfully submitted,

Dated: August 8, 2008

**ROPERS MAJESKI KOHN & BENTLEY**

By: _____
Thomas H. Clarke
Attorneys for Plaintiff
Samuel DiGiacomo

RC1/5162449.1/CB12    - 3 -

STIPULATION AND JOINT REQUEST FOR STAY PENDING RESOLUTION OF DEFENDANT EX'PRESSION CENTER FOR NEW MEDIA'S MOTION TO COMPEL ARBITRATION; [PROPOSED] ORDER

1  Dated: August 7, 2008					DUANE MORRIS LLP

2										By: /s/ Michael J. Dickman
3											Eric J. Sinrod
											Michael J. Dickman
4											Attorneys for Defendant
											Ex'pression Center For New Media
5

6  PURSUANT TO STIPULATION, IT IS SO ORDERED.

7

8  Dated: 8/13/2008						By: _____
9											The Honorable Judge Marilyn H. Patel

**IT IS SO ORDERED**
/s/ Marilyn H. Patel
Judge Marilyn H. Patel

*United States District Court, Northern District of California (seal)*